IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDREW J. POWERS, II,

        Plaintiff

v.

        CIVIL NO. 3:12CV369

EQUIFAX INFORMATION SERVICES, LLC.,

SERVE:   Corporation Service Company, Registered Agent
           Bank of America Center, 16th Floor
           1111 East Main Street
           Richmond, VA 23219

EXPERIAN INFORMATION SOLUTIONS, INC.,

SERVE:   David N. Anthony, Registered Agent
           1001 Haxall Point
           Richmond, VA 23219

TRANS UNION, LLC.,

SERVE:   Corporation Service Company, Registered Agent
           Bank of America Center, 16th Floor
           1111 East Main Street
           Richmond, VA 23219

CAPITAL ONE, N.A.,

SERVE:   Corporation Service Company, Registered Agent
           Bank of America Center, 16th Floor
           1111 East Main Street
           Richmond, VA 23219

        Defendants.

## COMPLAINT

COMES NOW the Plaintiff, **ANDREW J. POWERS, II**, by counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper as Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Richmond Division and significant parts of the Plaintiff's claim occurred in Virginia. Capital One is based in this District and Division.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered agent and office in Richmond, Virginia.

5. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent and office.

8. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered agent and office in Richmond, Virginia.

11. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, **CAPITAL ONE, N.A.**, ("*Capital One*"), *successor by acquisition of Chevy Chase Bank*, is a corporation authorized to do business in the State of Virginia through its offices in Richmond, Virginia as a credit lender, servicer and a "furnisher" as governed by the FCRA.

### FACTS

14. The Plaintiff and his wife were Plaintiffs in prior litigation against Chevy Chase Bank and several other Defendants in the Circuit Court of Tazewell County which was filed September 4, 2008. This basis of this lawsuit was a dispute of a claimed delinquency on the Plaintiff and his

wife's mortgage loan. A settlement was thereafter reached in this litigation with Chevy Chase Bank.

15. On or about February 27, 2009 Capital One Financial Corporation, the parent company of Capital One, N.A. completed its acquisition of Chevy Chase Bank.

16. On or about July 15, 2009 Chevy Chase Bank notified the Plaintiff and his wife that Capital One, N.A. was the new servicer of their mortgage loan effective July 30, 2009.

17. On April 12, 2010 an Order was entered by the Tazwell Circuit Court enforcing the terms of the Settlement and Decree of Award of Penalty and Attorney's fees Pursuant to Virginia Code §55.63.1(A)(1) based on Chevy Chase Bank, F.S.B.'s failure to abide by the terms of the Settlement Agreement in a reasonable and timely fashion. The Court Ordered "that the decline in the Plaintiffs' credit worthiness and corresponding credit score which resulted during their dispute with Chevy Chase Bank, F.S.B. occurred through no fault of the Plaintiffs." The Court further Ordered that the obligation of a certain Deed of Trust dated November 16, 2008 between Plaintiffs and Defendant, Chevy Chase Bank, F.S.B. was paid and satisfied on November 30, 2009, and that said Deed of Trust was proper for release.

18. Plaintiff and his wife received a letter from *Capital One* dated December 11, 2009 advising that their mortgage loan was in default.

19. Plaintiff and his wife received a letter from *Capital One* dated September 22, 2010 stating their loan had been referred to an attorney with instructions to begin foreclosure proceedings.

20. Plaintiff and his wife received a collection letter dated September 27, 2010 from Nectar Projects, Inc. stating it had received the Plaintiff's case from *Capital One* regarding the default of their mortgage and demanded the payment of $28,724.82.

21. Thereafter Plaintiff obtained a copy of his consumer credit report with *Equifax, Experian and Trans Union* and learned that each was reporting the *Capital One* mortgage account

derogatorily as 120 days past due. *(Respectively the Capital One Reporting)*

22. The *Capital One* Reporting was inaccurate. The Plaintiff paid this loan in full, never missed a payment nor was the mortgage account at any time in default.

23. Plaintiff forwarded his written dispute of the *Capital One* account to *Equifax* on or about December 2, 2011.

24. On or about December 9, 2011, *Equifax's* Results of Reinvestigation mailed to the Plaintiff advised that the *Capital One* account had been verified and or updated by the creditor as over 120 days past due. The account also now included a notation that the mortgage was in foreclosure.

25. Plaintiff forwarded his written dispute of the *Capital One* account to *Trans Union* on or about December 2, 2011.

26. On or about December 14, 2011, *Trans Union's* Investigation Results mailed to the Plaintiff advised that the *Capital One* account was reporting as 120 days past due and included a notation under Remarks of "Foreclosure Collateral Sold".

27. Plaintiff forwarded his written dispute of the *Capital One* account to *Experian* on or about December 2, 2011.

28. On or about December 15, 2011, *Experian's* Correction Summary mailed to the Plaintiff advised that the *Capital One* account had been updated, with the addition of a status and creditors statement of "Foreclosure proceedings started".

29. *Equifax, Experian and Trans Union* each received, but ignored the Plaintiff's disputes and did refuse to delete or correct the inaccurate information regarding the derogatory account from the Plaintiff's credit file.

30. *Equifax, Experian and Trans Union* each had actual knowledge of these

inaccuracies and deliberately chose to ignore and permit the reporting of the derogatory account. This occurred on each specific occasion alleged herein and on multiple earlier occasions/

31. After receiving the Plaintiff's disputes and notice of the inaccuracy *Equifax, Experian and Trans Union* prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory *Capital One* account.

32. *Equifax, Experian and Trans Union* received Plaintiff's numerous disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, *Equifax, Experian and Trans Union* merely "parroted" the information dictated to it by *Capital One*.

33. Upon information and belief, Plaintiff alleges that on one or more occasions *Equifax, Experian and Trans Union* forwarded Plaintiff's disputes to *Capital One*. Upon information and belief, *Capital One* was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

34. Plaintiff further alleges that *Capital One* was aware of the Plaintiff's dispute and inaccurate reporting of the mortgage account based on the contents of the April 12, 2010 Tazewell County Circuit Court Order enforcing the terms of the Settlement and Decree of Award of Penalty and Attorney's fees Pursuant to Virginia Code §55.63.1(A)(1) and the prior letters it received from the Plaintiff's former counsel disputing this account.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EQUIFAX, EXPERIAN and TRANS UNION)

35. The Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

36. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681e(b) by failing to

establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff.

37. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

38. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

39. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (EQUIFAX, EXPERIAN and TRANS UNION)

40. Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

42. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union*

the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

43. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (EQUIFAX, EXPERIAN and TRANS UNION)

45. Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide lawful notification of the Plaintiff's dispute to *Capital One* and by failing to include all relevant information regarding the Plaintiff's disputes.

47. As a result of the conduct, actions and inactions of Defendants, *Equifax, Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

48. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be

determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)
## (EQUIFAX, EXPERIAN and TRANS UNION)

50. Plaintiff realleges and incorporates paragraphs 1 through 49 above as if fully set out herein.

51. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

52. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

53. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

54. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)
## (EQUIFAX, EXPERIAN and TRANS UNION)

55. Plaintiff realleges and incorporates paragraphs 1 through 52 above as if fully set out herein.

56. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

57. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

58. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

59. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(A)
## (CAPITAL ONE)

60. Plaintiff realleges and incorporates paragraphs 1 through 59 above as if fully set out herein.

61. On one or more occasions within the two years prior to the filing of this suit, by

example only and without limitation, *Capital One* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *Capital One* reportings.

62. As a result of this conduct, action and inaction of *Capital One*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

63. *Capital One's* conduct, actions and inactions were willful, rendering *Capital One* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Capital One* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

64. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Capital One* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
### (CAPITAL ONE)

65. Plaintiff realleges and incorporates paragraphs 1 through 64 above as if fully set out herein.

66. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Capital One* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

67. As a result of this conduct, actions and inactions of *Capital One* the Plaintiff suffered

11

actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

68. *Capital One's* conduct, actions and inactions were willful, rendering *Capital One* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Capital One* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

69. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Capital One* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (CAPITAL ONE)

70. Plaintiff realleges and incorporates paragraphs 1 through 69 above as if fully set out herein.

71. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Capital One* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Capital One* account within Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

72. As a result of this conduct, actions and inactions of *Capital One*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other

emotional and mental distress.

73. *Capital One's* conduct, actions and inactions were willful, rendering *Capital One* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Capital One* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

74. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Capital One* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

ANDREW J. POWERS, II,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
(Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: srotkis@clalegal.com

Dale W. Pittman
VSB #15673
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000 - Telephone
(804) 861-3368 - Facsimile
Email: dale@pittmanlawoffice.com

*Counsel for Plaintiff*

14